CARLSON & MESSER LLP
J. Grace Felipe (SBN 1908931)
felipeg@cmtlaw.com
Mackenzie C. Gonzales (SBN 333839)
gonzalesm@cmtlaw.com
5901 W. Century Blvd., Suite 1200
Los Angeles, CA 90045
Telephone: (310) 242-2200
Facsimile: (310) 242-2222

Attorneys for Defendant,
HEALTHCARE REVENUE RECOVERY GROUP, LLC

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERLYNN MONTENEGRO,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 3:23-cv-00564-BEN-DEB<br><br>**DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC (hereinafter "Defendant"), by and through its counsel of record, and hereby answers the Complaint of Plaintiff SHERLYNN MONTENEGRO (hereinafter referred to as, the "Complaint") by admitting, denying, and alleging as follows:

//

//

//

{00185938;1}

1

# I. INTRODUCTION

1.      Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff brought this action for damages for alleged violations of the California Rosenthal Act (Rosenthal Act), Cal. Civ. Code § 1788 *et seq.* However, Defendant denies that it violated the Rosenthal Act. Except as specifically admitted to herein, Defendant contends that the Rosenthal Act speaks for itself and thereby denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Answering Paragraph 2 of the Complaint, Defendant contends that the Rosenthal Act speaks for itself and thereby contends no response is required. If a response is deemed to be required, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

## II.      JURISDICTION AND VENUE

3.      Answering Paragraph 3 of the Complaint, Defendant has removed this actions as Plaintiff plead federal statues, and claims this Court has proper jurisdiction.

4.      Answering Paragraph 4 of the Complaint, Defendant does not contest personal jurisdiction.

5.      Answering Paragraph 5 of the Complaint, Defendant has removed this actions as Plaintiff plead federal statues, and claims this Court is the proper venue.

## III.     PARTIES & DEFINITIONS

6.      Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 6 of the Complaint, and thereby denies same at the present time.

{00185938;1}

7.     Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Complaint, and thereby denies same at the present time.

8.     Answering Paragraph 8 of the Complaint, Defendant admits that it at times collects debts. Except as specifically admitted to herein, Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint as they call for a legal conclusion.

9.     Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 9 of the Complaint, and thereby denies same at the present time.

10.     Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 10 of the Complaint, and thereby denies same at the present time.

## IV.     FACTUAL ALLEGATIONS

**A. Plaintiff's Worker Compensation Injuries and Claims**

10.     Answering Paragraph 10 of the Complaint (Plaintiff's Complaint contains two paragraphs labeled Paragraph 10), Defendant contends that the California law speaks for itself, and no responses is required. If a response is deemed required Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Answering Paragraph 11 of the Complaint, Defendant denies the allegations contained in Paragraph 11.

11.     Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 11 (Plaintiff's Complaint contains two paragraphs labeled Paragraph 11), of the Complaint, and thereby denies same at the present time.

{00185938;1}

HEALTHCARE REVENUE RECOVERY GROUP, LLC'S
ANSWER TO COMPLAINT
CASE NO.: 3:23-CV-00564-BEN-DEB

12. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 12 of the Complaint, and thereby denies same at the present time.

13. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 13 of the Complaint, and thereby denies same at the present time.

14. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Complaint, and thereby denies same at the present time.

15. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 15 of the Complaint, and thereby denies same at the present time.

16. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 16 of the Complaint, and thereby denies same at the present time.

17. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 17 of the Complaint, and thereby denies same at the present time.

18. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 18 of the Complaint, and thereby denies same at the present time.

19. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 19 of the Complaint, and thereby denies same at the present time.

//

//

{00185938;1}

**B. Defendant's January 2021 Demand for Immediate Payment**

23.    Answering Paragraph 23 (Plaintiff's complaint, does not contain paragraphs 20-22) of the Complaint, Defendant admits the allegations contained therein.

24.    Answering Paragraph 24 of the Complaint, Defendant admits the allegations contained in Paragraph 24.

25.    Answering Paragraph 25 of the Complaint, Defendant contends the demand speaks for itself. Defendant denies the remaining allegations contained in Paragraph 25.

26.    Answering Paragraph 26 of the Complaint, Defendant contends the demand speaks for itself. Defendant denies the remaining allegations contained in Paragraph 26.

27.    Answering Paragraph 27 of the Complaint, Defendant contends the demand speaks for itself. Defendant denies the remaining allegations contained in Paragraph 27.

28.    Answering Paragraph 28 of the Complaint, Defendant denies the allegations contained in Paragraph 28.

29.    Answering Paragraph 29 of the Complaint, Defendant contends the demand speaks for itself. Defendant admits the remaining allegations contained in Paragraph 29.

30.    Answering Paragraph 30 of the Complaint, Defendant contends that no response is deemed to be required as it states a legal conclusion. If a response is deemed to be required, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein in and thereby denies the same.

{00185938;1}

31.    Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 31 of the Complaint, and thereby denies same at the present time.

32.    Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 32 of the Complaint, and thereby denies same at the present time.

33.    Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 33 of the Complaint, and thereby denies same at the present time.

34.    Answering Paragraph 34 of the Complaint, Defendant contends that the FDCPA speaks for itself and thereby contends no response is required. If a response is deemed to be required, Defendant denies the allegations contained in Paragraph 34 of the Complaint.

**C. Defendant Violated the FDCPA 15 U.S.C. §§ 1692**

35.    Answering Paragraph 35 of the Complaint, Defendant denies the allegations contained in Paragraph 35.

36.    Answering Paragraph 36 of the Complaint, Defendant denies the allegations contained in Paragraph 36.

37.    Answering Paragraph 37 of the Complaint, Defendant denies the allegations contained in Paragraph 37.

38.    Answering Paragraph 38 of the Complaint, Defendant denies the allegations contained in Paragraph 38.

39.    Answering Paragraph 39 of the Complaint, Defendant denies the allegations contained in Paragraph 39.

40.    Answering Paragraph 40 of the Complaint, Defendant denies the allegations contained in Paragraph 40.

41.    Answering Paragraph 41 of the Complaint, Defendant denies the allegations contained in Paragraph 41.

42.    Answering Paragraph 42 of the Complaint, Defendant denies the allegations contained in Paragraph 42.

**D. Defendant violated RFDCPA Civ. Code § 1788.17 and is Subject to the Remedies in 15 U.S.C. § 1692k**

43.    Answering Paragraph 43 of the Complaint, Defendant incorporates by reference all of the preceding paragraphs.

43.    Answering Paragraph 43 (Plaintiff's Complaint contains two paragraphs labeled Paragraph 43), of the Complaint, Defendant contends that the Rosenthal Act speaks for itself and thereby contends no response is required. If a response is deemed to be required, Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.    Answering Paragraph 44 of the Complaint, Defendant denies the allegations contained in Paragraph 44.

45.    Answering Paragraph 45 of the Complaint, Defendant denies the allegations contained in Paragraph 45.

**E. Defendant violated RFDCPA Civ. Code § 1788.30**

46.    Answering Paragraph 46 of the Complaint, Defendant denies the allegations contained in Paragraph 46.

47.    Answering Paragraph 47 of the Complaint, Defendant denies the allegations contained in Paragraph 47.

## V.    PLAINTIFF'S DAMAGES AND ENTITLEMENT TO TREBLE DAMAGES PER CIVIL CODE § 3345

48.    Answering Paragraph 48 of the Complaint, Defendant incorporates by reference all of the preceding paragraphs.

{00185938;1}

49.    Answering Paragraph 49 of the Complaint, Defendant denies the allegations contained in Paragraph 49.

50.    Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 50 of the Complaint, and thereby denies same at the present time.

51.    Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 51 of the Complaint, and thereby denies same at the present time.

52.    Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 52 of the Complaint, and thereby denies same at the present time.

53.    Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 53 of the Complaint, and thereby denies same at the present time.

54.    Answering Paragraph 54 of the Complaint, Defendant denies the allegations contained in Paragraph 54.

55.    Answering Paragraph 55 of the Complaint, Defendant contends that no response is deemed to be required as it states a legal conclusion. If a response is deemed to be required, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein in and thereby denies the same.

56.    Answering Paragraph 56 of the Complaint, Defendant contends that no response is deemed to be required as it states a legal conclusion. If a response is deemed to be required, Defendant lacks sufficient knowledge to either admit or deny the allegations contained therein in and thereby denies the same.

57.    Answering Paragraph 57 of the Complaint, Defendant denies the allegations contained in Paragraph 57.

{00185938;1}

## VI.    FIRST CAUSE OF ACTION

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

58.    Answering Paragraph 58 of the Complaint, Defendant incorporates by reference all of the preceding paragraphs.

59.    Answering Paragraph 59 of the Complaint, Defendant denies the allegations contained in Paragraph 59.

60.    Answering Paragraph 60 of the Complaint, Defendant denies the allegations contained in Paragraph 60.

## SECOND CAUSE OF ACTION

## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

61.    Answering Paragraph 61 of the Complaint, Defendant admits that Plaintiff brought this action for damages for alleged violations of the California Rosenthal Act (Rosenthal Act), Cal. Civ. Code § 1788 *et seq.* However, Defendant denies that it violated the Rosenthal Act. Except as specifically admitted to herein, Defendant contends that the Rosenthal Act speaks for itself and thereby denies the remaining allegations contained in Paragraph 61 of the Complaint.

62.    Answering Paragraph 62 of the Complaint, Defendant incorporates by reference all of the preceding paragraphs.

63.    Answering Paragraph 63 of the Complaint, Defendant denies the allegations contained in Paragraph 63.

64.    Answering Paragraph 64 of the Complaint, Defendant denies the allegations contained in Paragraph 64.

65.    Answering Paragraph 65 of the Complaint, Defendant denies the allegations contained in Paragraph 65.

{00185938;1}

## VII.   REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in Plaintiff's Prayer for Relief.

### PLAINTIFF'S TRIAL BY JURY

Defendant admits Plaintiff demands a trial by jury.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action)

1.    The Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2.    Defendant is informed and believes and based thereon alleges that The Complaint, and each cause of action contained therein, or portions thereof, are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

3.    Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate damages with respect to the matters alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

4.    As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant is barred by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

//

{00185938;1}

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

5.     Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

## SIXTH AFFIRMATIVE DEFENSE
### (Compliance with Statute)

6.     The conduct of Defendant at all times complied with all applicable statutes, regulations, and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

## SEVENTH AFFIRMATIVE DEFENSE
### (Actions Were Proper)

7.      As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any law, including provisions of California Civil Code §1788, *et seq* and the FDCPA.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Intentional or Reckless Conduct)

8.     As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff.  Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE
### (Laches)

9.     Plaintiff is barred by the doctrine of laches from pursuing Plaintiff's Complaint and each purported cause of action alleged therein against Defendant by

{00185938;1}

reason of Plaintiff's   inexcusable and unreasonable delay in filing Plaintiff's Complaint.

### TENTH AFFIRMATIVE DEFENSE
### (No Proximate or Legal Cause)

10.    As a separate, affirmative defense, Defendant alleges that Plaintiff cannot sustain Plaintiff's burden of proving that the Plaintiff's alleged damages, in whole or in part, were proximately or legally caused by any acts or omissions of Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Conduct of Third Parties)

11.    As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

### TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

12.    As a separate, affirmative defense, Defendant alleges that The Complaint fails as a matter of law due to lack of standing to bring an action.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Maintained Reasonable FDCPA and RFDCPA Procedures)

13.    As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the FDCPA and RFDCPA.

//

//

//

{00185938;1}

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

14.    As a separate, affirmative defense, Defendant asserts that Plaintiff suffered no actual damages.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Offset)

15.    Any damages that Plaintiff may recover against Defendant in this Action must be offset against all amounts owed to Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Reasonableness and Good Faith)

16.    Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to the answering Defendant. Accordingly, Plaintiff is barred from any recovery in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

17.    As a separate, affirmative defense, assuming arguendo that Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

//

{00185938;1}

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Legitimate Business Purpose)

18. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct, and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

## NINETEENTH AFFIRMATIVE DEFENSE
### (FDCPA and RFDCPA Damages are Limited)

19. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692k and California Civil Code §1788, *et seq.*

## TWENTIETH AFFIRMATIVE DEFENSE
### (Damages Not Specific)

20. The Complaint fails to state a cause of action against Defendant because it does not plead special damages with sufficient particularity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Actions were Privileged and Justified)

21. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any.

//

//

//

{00185938;1}

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Debt Not Work Comp)

22.    As a separate affirmative defense, the debt at issue is not a debt covered under the California Workers Compensation Act.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief requested in the Complaint and prays as follows:

1. The Complaint be dismissed with prejudice;

2. Defendant be awarded attorney's fees and costs incurred herein; and

For such further relief as the Court deems just and equitable.

## DEFENDANT'S DEMAND FOR JURY TRIAL

Defendant demands a trial by jury.


**CARLSON & MESSER LLP**

Dated:  April 6, 2023

By: /s/ Mackenzie C. Gonzales
J. Grace Felipe
Mackenzie C. Gonzales
*Attorneys for Defendant,*
HEALTHCARE REVENUE RECOVERY
GROUP, LLC

{00185938;1}

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

I, Mackenzie C. Gonzales, hereby certify that on April 6, 2023 I electronically filed the foregoing

4

**Healthcare Revenue Recovery Group, LLC's Answer to Plaintiff's Complaint**

5

with the Clerk of the Court by using the CM/ECF system.

6

7

8

Dated: April 6, 2023                    **CARLSON & MESSER LLP**

9

<u>/s/ Mackenzie C. Gonzales</u>

10

J. Grace Felipe

11

Mackenzie C. Gonzales

Attorneys for

12

*DEFENDANT HEALTHCARE*

13

*REVENUE RECOVERY*

*GROUP, LLC*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00185938;1}

16