UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERLYNN MONTENEGRO,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC, et al.,<br><br>　　　　　　　Defendants. | Case No.: 23-cv-0564-BEN-DEB<br><br>**NOTICE AND ORDER SETTING EARLY NEUTRAL EVALUATION CONFERENCE; RULE 26 COMPLIANCE; AND CASE MANAGEMENT CONFERENCE** |

　　Counsel and party representatives must appear for an Early Neutral Evaluation Conference ("ENE") in this case on **May 31, 2023** at **9:30 a.m.** before Magistrate Judge Daniel E. Butcher. In the event the case does not settle during the ENE, the Court will hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P. 16(b) immediately following the conclusion of the ENE.

　　The following are **mandatory** guidelines for the parties preparing for the ENE and CMC. Absent express permission obtained from this Court, counsel must timely comply with the dates and deadlines herein.

1. **Review of Chambers Rules:** Counsel[1] must refer to the Civil Local Rules, the undersigned's Chambers Rules for Civil Cases, as well as the Chambers Rules of the assigned District Judge, which are accessible via the Court's website at www.casd.uscourts.gov.

2. **Purpose of the ENE:** The purpose of the ENE is to permit an informal discussion between the attorneys, parties, and the Magistrate Judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. Counsel attending the ENE are expected to have a command of the facts and applicable law. Counsel and the parties must come prepared to engage in a detailed discussion of the merits of their respective cases and engage in good faith settlement discussions. ***All discussions during the ENE are informal, off the record, privileged and confidential.*** Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

3. **Full Settlement Authority Is Required:** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the ENE.[2] This appearance must be made with full and unlimited authority to negotiate and enter into a binding settlement.[3] In the case of a corporate entity, an authorized representative of the

---

[1] As used herein, references to "counsel" or "attorney(s)" include any party representing himself or herself.

[2] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3] Full authority to settle means that the individuals at the ENE Conference are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481,

corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Counsel for a government entity is excused from this requirement if the government attorney who participates in the ENE (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

4. **Procedure for Zoom Videoconference Appearance:** The Court will use its Zoom[4] video conferencing account to hold the ENE and CMC.[5] Prior to the start of the

---

485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

[4] If you are unfamiliar with Zoom: Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app. Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE. There is a cost-free option for creating a Zoom account. For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

[5] Counsel may request the ENE and CMC be converted to an in-person appearance informally through a joint call or email to the Court's chambers (efile_butcher@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

ENE, the Court will email counsel an invitation with the Zoom meeting hyperlink and password to participate in the ENE.[6]

Each participant should plan to join the Zoom video conference *at least five minutes before* the start of the ENE to ensure that the conference begins on time. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[7] In a Breakout Room, the Court will be able to confidentially and individually communicate with participants. Breakout Rooms will also allow parties and counsel to communicate confidentially outside the presence of the Court.

Counsel are responsible for ensuring their clients are able to participate in the ENE. All participants must display the same level of professionalism and attention during the ENE as if they were attending in person (e.g., not be driving while speaking to the Court, or otherwise distracted). Participants are encouraged to use laptops or desktop computers for the video conference, if possible, as mobile devices often offer inferior performance. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

If the case does not settle during the ENE, the Court will hold the CMC with counsel immediately following the ENE.

5. **Participant Information and Confidential ENE Statements Required:** No later than **May 24, 2023**, counsel for each party must send an e-mail to the Court at efile_butcher@casd.uscourts.gov containing the following:

---

[6] Participants who do not have Zoom already installed on their device when they click on the Zoom meeting hyperlink will be prompted to download and install Zoom before proceeding.

[7] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

a. The **name and title(s)/position(s) of each participant**, including counsel, all parties and party representatives, and claims adjusters;

b. An **e-mail address for each attorney participant** to receive the Zoom video conference invitation;

c. A **telephone number where each attorney participant** may be reached so that, if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference; and

d. A **Confidential ENE Statement**.[8] Confidential ENE Statements must not exceed seven (7) pages, excluding exhibits. If exhibits are attached, the parties are encouraged to highlight the relevant portions. Confidential ENE Statements must include:

   i. A brief description of the case and the claims and defenses asserted;

   ii. The party's position on liability and damages supported by relevant facts and controlling legal authority;

   iii. ***For plaintiff(s)***, a specific and current settlement demand addressing all relief sought, and the specific basis for that relief; and, ***for defendant(s)***, a specific and current offer and the bases for that offer ***(Note: a general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make a demand or offer at the conference" is not a specific demand or offer. If a specific demand or offer for settlement cannot be made at the ENE, state the reasons why and explain what additional information is required to make a settlement demand or offer.)***;

   iv. A brief description of any previous settlement negotiations or mediation efforts; and

   v. In appropriate cases, the parties are also encouraged to include as an attachment to the ENE Statement a chronology, setting forth a

---

[8] The Court does not require ENE Statements to be served on other parties; however, the parties may elect to share their ENE Statements at their discretion. ***These statements are not to be filed on the CM/ECF system.***

timeline of the factual events that are the basis for the claims and defenses asserted in this litigation. If submitted, the chronology should be in a chart or column format with the column headings "DATE" and "EVENT." The chronology is not included in the page limits applicable to ENE Statements and exhibits.

6. **Requests to Continue an ENE:** Requests to continue the ENE are strongly disfavored. A request for continuance may be initiated by counsel placing a joint call or email to the Court's chambers (efile_butcher@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

Any request for a continuance must be made as soon as counsel is aware of the circumstances that warrant rescheduling the conference. Requests to continue the ENE based on a pre-existing scheduling conflict must be made within 10 days of the issuance of this Order. When requesting a continuance of the ENE, counsel should keep in mind that Civil Local Rule 16.1.c.1. requires the ENE take place within 45 days of the filing of the first Answer.

7. **Settlement Prior to the ENE:** The Court encourages the parties to work on settling the matter in advance of the ENE. In the event that the parties resolve the matter prior to the ENE, counsel must promptly file a Joint Motion for Dismissal or a Notice of Settlement.

8. **Case Management Conference:** If the case does not settle during the ENE the Court will immediately proceed with the Case Management Conference ("CMC"). The parties are, therefore, ordered to comply with Fed. R. Civ. P. 26 and proceed with the initial disclosure process in advance of the CMC as follows:

    a. Initial disclosures, pursuant to Rule 26(a)(1)(A-D), must occur on or before **May 24, 2023**;

    b. Counsel must meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **May 10, 2023**; and

    c. A Joint Discovery Plan must be filed on the CM/ECF system no later than **May 24, 2023**. The Joint Discovery Plan must be one document and must

explicitly address all topics identified in Fed. R. Civ. P. 26(f)(3). In addition, the discovery plan must include:

i. <u>Service</u>: Whether any parties remain to be served and a proposed deadline for service if any parties remain to be served;

ii. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;

iii. <u>Protective Order</u>: Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court;

iv. <u>Electronic Discovery</u>: In addition to the requirements set forth in Fed. R. Civ. P. 26(f)(3)(C), the parties must represent they have reviewed the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("ESI")[9] and describe their agreements regarding methodologies for locating and producing electronically stored information and the production of metadata, and must identify any issues or agreements regarding electronically stored information that may not be reasonably accessible (*see* Fed. R. Civ. P. 26(b)(2)(B));

v. <u>Discovery</u>: In addition to the Fed. R. Civ. P. 26(f)(3)(B) requirements, the parties must describe the discovery taken to date (if any) and any identified discovery disputes;

vi. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body;

vii. <u>Scheduling</u>: Proposed dates for fact discovery cutoff, expert designations and disclosures, expert discovery cutoff, filing of dispositive motions, filing class certification motion (if class is

---

[9] The Checklist for Rule 26(f) Meet and Confer Regarding ESI can be found at https://www.casd.uscourts.gov/judges/butcher/docs/Electronically%20Stored%20Information%20Checklist.pdf

alleged), the Mandatory Settlement Conference (*see* CivLR 16.3), pretrial conference, and trial;

    viii.    <u>Trial</u>: Whether the case will be tried to a jury or to the Court, and the expected length of the trial;

    ix.    <u>Professional Conduct</u>: Confirmation that all attorneys who will be listed in the pleadings or motions for any party have reviewed Local Rule 2.1 and agree to abide by the Court's Code of Conduct; and

    x.    <u>Miscellaneous</u>: Such other matters as may facilitate the just, speedy and inexpensive disposition of the matter.

9.    **<u>New Parties Must Be Notified by Plaintiff's Counsel:</u>**  Plaintiff's counsel must give notice of the ENE and CMC and provide a copy of this Order to parties responding to the complaint after the date of this notice.

Questions regarding this case or the mandatory guidelines set forth herein may be directed to the Magistrate Judge's law clerks at (619) 446-3704.

A Notice of Right to Consent to Trial Before a United States Magistrate Judge is attached for your information.

**IT IS SO ORDERED.**

Dated:  April 6, 2023

                                                                                                       *Daniel E. Butcher*

                                                        Honorable Daniel E. Butcher
                                                        United States Magistrate Judge

# NOTICE OF RIGHT TO CONSENT TO TRIAL
# BEFORE A UNITED STATES MAGISTRATE JUDGE

IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 636(c), YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES, ON FORM 1A AVAILABLE IN THE CLERK'S OFFICE, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT. COUNSEL FOR THE PLAINTIFF IS RESPONSIBLE FOR OBTAINING THE CONSENT OF ALL PARTIES, SHOULD THEY DESIRE TO CONSENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT TO CONSENT IS ENTIRELY VOLUNTARY.  ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.